UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
FRANCIS SCOTT HUNT and SUNDRA
CHERI HUNT, individually and as Trustee
for IAN CHRISTOPHER HUNT,
LAWRENCE A. MCMAHON
and JUDITH J. MCMAHON, PAUL D.
CAVANAGH individually and as Trustee
for the PAUL D. CAVANAGH TRUST,
VIRGINIA POPE and KEN ROBERTS,

                      Plaintiffs,

                  - against -

ENZO BIOCHEM, INC., HEIMAN GROSS,
BARRY WEINER, ELAZAR RABBANI,
SHARIM RABBANI, JOHN DELUCCA,
DEAN ENGELHART and JOHN DOES 1-50,

                      Defendants.
------------------------------------------------------------------X

**MEMORANDUM**
**OPINION AND ORDER**

06 Civ. 170 (SAS)



SHIRA A. SCHEINDLIN, U.S.D.J.:

## I.   INTRODUCTION

A group of investors bring this action for common law fraud in connection with the purchase and holding of Enzo Biochem, Inc. securities, against the corporation, certain of its officers and directors and one outside consultant. On December 11, 2006, the Court issued an Opinion and Order granting defendants' motion to dismiss as to all plaintiffs, including the Hunt

plaintiffs (the "December 11 Opinion").[1] The background and alleged facts of this case are set forth in detail in the Court's December 11 Opinion, and familiarity with that opinion is assumed. The Hunt plaintiffs' complaint was dismissed with prejudice as time-barred under Georgia's statute of limitations.[2] On January 3, 2007, the Hunt plaintiffs (herein "plaintiffs") moved for reconsideration. For the reasons discussed below, plaintiffs' motion is denied.

## II.   LEGAL STANDARD

Motions for reconsideration are governed by Local Civil Rule 6.3 and are committed to the sound discretion of the district court.[3] "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."[4] Reconsideration is an "extraordinary

---

[1] *See Hunt v. Enzo Biochem, Inc.*, 471 F. Supp. 2d 390, 392-98 (S.D.N.Y. 2006).

[2] *See id.* at 403 & n.90.

[3] *See Pattterson v. United States*, No. 04 Civ. 3170, 2006 WL 2067036, at *1 (S.D.N.Y. July 26, 2006) ("The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court." (citing *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983)).

[4] *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Accord *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003); *Eisemann v. Greene*,

remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."[5] In furtherance of the interest of finality,[6] Local Rule 6.3 requires that a motion for reconsideration "shall be served within ten (10) days after the entry of the court's determination of the original motion."

Local Civil Rule 6.3 is narrowly construed and strictly applied in order to avoid repetitive arguments already considered by the Court.[7] A motion for reconsideration is not a substitute for appeal.[8] Nor is it "a 'second bite at the apple' for a party dissatisfied with a court's ruling."[9] Accordingly, the moving

---

204 F.3d 393, 395 n.2 (2d Cir. 2000) ("To be entitled to reargument, a party must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion." (quotation omitted)).

[5] *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (quotation omitted).

[6] *See, e.g., Carolco Pictures, Inc. v. Sirota*, 700 F. Supp. 169, 170 (S.D.N.Y. 1988).

[7] *See Lichtenberg v. Besicorp Group Inc.*, 204 F.3d 397, 400 (2d Cir. 2000). *See also DGM Invs., Inc. v. New York Futures Exch., Inc.*, 288 F. Supp. 2d 519, 523 (S.D.N.Y. 2003) (Local Rule 6.3 must be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." (quotation omitted)).

[8] *See RMED Int'l, Inc. v. Sloan's Supermarkets, Inc.*, 207 F. Supp. 2d 292, 296 (S.D.N.Y. 2002).

[9] *Pannonia Farms, Inc. v. USA Cable*, No. 03 Civ. 7841, 2004 WL 1794504, at *2 (S.D.N.Y. Aug. 10, 2004). *Accord Shrader*, 70 F.3d at 257 (stating that a court should deny a motion for reconsideration when the movant "seeks

party may not "advance new facts, issues or arguments not previously presented to the Court."[10] The restrictive application of Local Rule 6.3 helps "to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters."[11]

### III. DISCUSSION

#### A. Plaintiffs' Motion for Reconsideration Is Untimely

The Court issued its Opinion and Order dismissing the complaint on December 11, 2006. Thus, if plaintiffs wished to move for reconsideration they had to file on or before December 26, 2006.[12] However, plaintiffs did not file their motion until January 3, 2007, without having requested an extension of time. Plaintiffs argue that they should be excused from this late filing because they were "unaware" that Local Rule 6.3 governs motions to reconsider "a non-final order dismissing an individual plaintiff's claims" and that had they known, they would

---

solely to relitigate an issue already decided.").

[10] *Caribbean Trading & Fid. Corp. v. Nigerian Nat'l Petroleum Corp.*, 948 F.2d 111, 115 (2d Cir. 1991) (quotation omitted).

[11] *Naiman v. New York Univ. Hosps. Ctr.*, No. 95 Civ. 6469, 2005 WL 926904, at *1 (S.D.N.Y. Apr. 1, 2005) (quotation omitted).

[12] Under Local Rule 6.3 and Federal Rule of Procedure 6(a), the calculation of the ten-day period excludes weekends and holidays.

have requested an extension.[13] *First*, plaintiffs contradict themselves, in the very next paragraph of their reply, when they characterize the Court's dismissal order as "a *final* and appealable order"[14]; thus, they presumably were aware of the rule's application to this case. *Second*, even if they were unaware of the rule's application, ignorance of a rule does not excuse its violation. *Finally*, plaintiffs' argument that an extension could have been procured is unavailing — the fact is that plaintiffs failed to seek one. Thus, plaintiffs' motion for reconsideration is untimely and can be dismissed on this ground alone. Nevertheless, I will briefly address plaintiffs' arguments, none of which merit this Court's reconsideration of its dismissal.

### B. Plaintiffs Do Not Point to Controlling Decisions or Data that the Court Overlooked in Dismissing their Complaint

Plaintiffs purport to bring the present motion on the ground that the Court granted defendants' motion to dismiss on an issue raised for the first time in defendants' reply, to which plaintiffs had no opportunity to respond. Specifically, plaintiffs argue that it was improper for the Court to consider the June 2001 informed consent forms as adequate notice to plaintiffs of the alleged fraud. What

---

[13] Reply Memorandum in Support of Plaintiffs' Motion to Reconsider and for Leave to File a Second Amended Complaint ("Reply Mem.") at 1.

[14] *Id.* at 2 (emphasis added).

plaintiffs really seek to do, however, is advance a completely new theory, based on borrowing the federal securities law concept of storm warnings, which could have been — but was not — raised on the original motion to dismiss. That is not the proper subject for a motion to reconsider. Plaintiffs do not offer any controlling decisions or data that the Court overlooked in reaching its decision on the motion to dismiss.

*First*, with respect to the Court's consideration of the June 2001 informed consent forms, plaintiffs' arguments are unavailing. Although defendants in their opening memorandum of law did focus on the March 8, 2001 meeting as supplying the notice of fraud, the June 2001 consent forms were no secret to plaintiffs. Indeed, plaintiffs relied in their Complaint on those same forms as providing evidence of the fraud. It is black letter law that a Court may consider the complaint in its entirety on a motion to dismiss, not merely the specific paragraphs referred to or cited by the parties, and it is hardly unfair or prejudicial to hold plaintiffs to knowledge of their own pleadings. Thus, the Court's consideration of the June 2001 forms was proper, and plaintiffs have not offered any controlling law the Court overlooked.[15]

---

[15] Plaintiffs' assertion that "the Court seemingly accepted Plaintiffs' argument that the March 8, 2001 RAC meeting did not, as a matter of law, place Plaintiffs on sufficient notice that they had four years from that date to file their

*Second*, plaintiffs argue that even if the June 2001 forms were properly before the Court, the Court should borrow the federal securities law concept of storm warnings as an exception to the discovery rule. Under that exception, plaintiffs argue, they were required only to exercise due diligence to investigate their possible claims, which they claim they did. Thus, they argue that they should not be punished for waiting to bring suit while their investigation was pending. Apart from the merits of this argument, which I need not address here, plaintiffs had ample opportunity to advance this theory on the original motion to dismiss.[16] Accordingly, it is not properly before the Court on this motion.[17]

---

claim," Reply Mem. at 5, is false. The Court made no such determination. Rather, the Court held that plaintiffs' claims were time barred because they were on notice of their claims "*no later than* June of 2001." *Hunt*, 471 F. Supp. 2d at 403 (emphasis added). The Court very well may have reached the same conclusion based solely on the meeting, but it did not do so and need not do so here.

[16]  Plaintiffs argue that their "reliance on the storm warning doctrine focuses solely on Defendants' claim relating to the informed consent." Reply Mem. at 4. However, this argument is not unique to the issue of the informed consent forms. What plaintiffs really are arguing here is that no matter what the date on which inquiry notice arose, their suit should not be time barred because under the storm warnings principle, the statute should not be deemed to have begun to run because plaintiffs were investigating their claim of fraud. Plaintiffs could have just as easily made this argument in opposing the original motion.

[17]  *See Caribbean Trading*, 948 F.2d at 115 (The moving party may not "advance new facts, issues or arguments not previously presented to the Court." (quotation omitted)).


Moreover, the law plaintiffs cite is not controlling under Georgia law, and thus, it is not the proper subject of a reconsideration motion.[18] In short, plaintiffs' argument on this point is precisely what Local Rule 6.3 is designed to prevent: the situation where "the losing party examin[es] a decision and then plug[s] the gaps of a lost motion with additional matters."[19] Nothing plaintiffs have raised on this motion supports an exercise of discretion to grant the "extraordinary remedy"[20] of reconsideration of this Court's opinion dismissing the Complaint.

---

[18]   See Shrader, 70 F.3d at 257.

[19]   Naiman, 2005 WL 926904, at *1 (quotation omitted).

[20]   In re Health Mgmt., 113 F. Supp. 2d at 614.

## IV. CONCLUSION

For the foregoing reasons, plaintiffs' motion for reconsideration is denied. The Clerk of the Court is directed to close this motion [No. 37 on the Docket Sheet].

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated: New York, New York
May 7, 2007

## -Appearances-

**For Plaintiffs:**

Michael J. Rovell, Esq.
Alyssa E. Griffin, Esq.
Law Offices of Michael J. Rovell
20 North Clark Street, Suite 2450
Chicago, IL 60602
(312) 578-9191

Daniel Eigerman, Esq.
260 Madison Avenue, 18th Floor
New York, NY 10016
(212) 213-6866

J. Stephen Walker, Esq.
Law Offices of J. Stephen Walker, P.C.
622 River Street
Ontonagon, MI 49953
(906) 884-2466

**For the Enzo Defendants:**

Donald H. Chase, Esq.
Morrison Cohen, LLP
909 Third Avenue
New York, NY 10022
(212) 735-8600

**For Defendant Heiman Gross:**

Angelo Anthony Stio, III, Esq.
Pepper Hamilton LLP
300 Alexander Park
Princeton, NJ 08543
(609) 951-4125