UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
FRANCIS SCOTT HUNT, et al.,

                    Plaintiffs,                    06-cv-170 (PKC)
                                                      06-cv-213 (PKC)
                                                        06-cv-6347 (PKC)

             -against-                                             ORDER

ENZO BIOCHEM, INC., et. al.,

                    Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        On August 18, 2020, Lawrence Glaser, a shareholder of defendant Enzo Biochem, Inc. ("Enzo") filed a request to unseal documents in 06-cv-170, 06-cv-213 and 06-cv-6347. (06-cv-170, Doc. 165; 06-cv-213, Doc. 116; 06-cv-6347, Doc. 81). There are no sealed documents in 06-cv-170. There were two sealed documents: Doc. 43 and Doc. 139 in 06-cv-213; Doc. 43 was filed on January 11, 2007 and was destroyed on May 4, 2015 because it was not retrieved by the party who filed it 30 days after notice and Doc. 139, filed August 9, 2011, was retrieved by the party who sought sealing on March 31, 2015.[1] In 06-cv-6347, there was one sealed document, Doc. 7 filed January 8, 2007. The Court on September 16, 2020 ordered the Clerk to unseal this document (06-cv-6347, Doc. 82), but vacated that order on September 18, 2020 after Enzo submitted a letter objection to unsealing. The Court, for reasons to be explained, will order the unsealing of Doc. 7.

        Doc. 7 in 06-cv-6347 was the first amended complaint. Enzo asserts that a "public version" of this document is available on the docket, Doc. 6-4 filed January 3, 2007. The Court

---

[1] Local Civil Rule 39.1(b).

notes that the sealed document and the "public version" both appear to be the first amended complaint, but the sealed document also includes attached exhibits. In any case, there is a common-law and First Amendment right of public access to judicial documents. Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119–20 (2d Cir. 2006). A complaint is a judicial document subject to a presumption of public access. Bernstein v. Bernstein Litowitz Berger & Grossmann LLP, 814 F.3d 132, 139–40 (2d Cir. 2016). Enzo's assertion that the first amended complaint "was superseded by the subsequent filing of a second amended complaint" is not of controlling significance. Cf. Id. at 140 (holding that pleadings "even in settled cases" are judicial documents). Enzo also fails to mention that the first amended complaint was the subject of Judge Scheindlin's January 9, 2008 opinion and order granting in part and denying in part Enzo's motion to dismiss. (06-cv-6347, Doc. 26).

The presumption of public access that attaches to a pleading is "strong," Bernstein, 814 F.3d at 143, and Enzo has failed to set forth any countervailing factors or higher values dictating that the first amended complaint should not be unsealed. Lugosch, 435 F.3d at 124–25. Enzo's other arguments that Glaser has made an untimely application to unseal and that he is not entitled to make the request as a non-party likewise have no merit. See, e.g., Brown v. Maxwell, 929 F.3d 41 (2d Cir. 2019) (considering application to unseal documents from non-parties, including an application filed after the case had closed).

Perhaps due to the history of these actions and Glaser's motion stating that he requests "all documents and transcripts relating to these cases be made public," Enzo's opposition addresses documents that have not been filed with the Court, such as confidential discovery material. The Second Circuit has "long recognized that documents 'passed between the parties in discovery[ ] lie entirely beyond the . . . reach' of the presumption of public access."

United States v. HSBC Bank USA, N.A., 863 F.3d 125, 139 (2d Cir. 2017) (alteration in original) (quoting United States v. Amodeo, 71 F.3d 1044, 1050 (2d Cir. 1995)).  Accordingly, the Court's order only addresses sealed documents in these actions.

The Court orders the Clerk to unseal Doc. 7 in 06-cv-6347.  The Clerk shall terminate the letter motions.  (06-cv-170, Doc. 165; 06-cv-213, Doc. 116; 06-cv-6347, Doc. 81).

SO ORDERED.

*[signature]*
P. Kevin Castel
United States District Judge

Dated:  New York, New York
            December 3, 2020